UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14006-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL BROWN,

    Defendant.
_____/

FILED by _____ D.C.

SEP 19 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S PRO SE NOTICE OF APPEAL [D.E. #57] AND THE ELEVENTH CIRCUIT COURT OF APPEALS' LIMITED REMAND [D.E. #64]

**THIS CAUSE** having come before the Court upon an Order of Reference from the District Court in respect to the limited remand from the Eleventh Circuit Court of Appeals concerning the Defendant's untimely filing of his Notice of Appeal, and this Court having conducted an evidentiary hearing on September 19, 2008, at which time testimony was received from the Defendant, this Court makes the following recommendation.

1. The Order of the Eleventh Circuit Court of Appeals dated July 23, 2008 asserts that the Defendant's Notice of Appeal was filed on May 28, 2008, and therefore untimely as to Judge Moore's Order of May 7, 2008, denying the Defendant's Motion For Reduction Of Sentence. The Court of Appeals goes on in its Order to state that the Defendant did file his Notice of Appeal within the thirty day time period for which Federal Rule of Appellate Procedure 4(b)(4) permits an extension. Therefore, the matter was remanded to this Court for "a determination of whether an extension is merited under Fed.R.App.P. 4(b)(4)."

2. This Court took sworn testimony from the Defendant. He testified that he did not receive Judge Moore's Order denying his original Motion For Reduction Of Sentence until on or about May 16, 2008. This Court notes that the Notice of Appeal filed by the Defendant asserts that he received Judge Moore's Order on or about May 19, 2008.

Nevertheless, the Defendant testified that he immediately prepared a Notice of Appeal and slid it under his cell door in accordance with the Bureau of Prisons rules concerning mail during a lockdown. The Defendant is housed at the Bureau of Prisons facility in Coleman and, according to the Defendant, the prison was on lockdown during the time period when he received a copy of Judge Moore's Order of May 7, 2008 denying the Defendant's request for reduction of sentence. According to the Defendant, the lockdown continued until on or about May 22, 2008.

3. The Defendant explained that due to the lockdown, he had to slide the Notice of Appeal under the door for a guard to take to the mail room. This is the procedure during a lockdown. The Defendant testified under oath that he followed this procedure.

4. The Defendant also testified that he has not yet received a copy of Judge Moore's Order of June 10, 2008, denying the Defendant's Motion For Reconsideration. The Defendant stated that he filed a Motion For Reconsideration after he received Judge Moore's Order of May 7, 2008 denying his original request for reduction of sentence. To this date, the Defendant asserts that he has not yet received a copy of Judge Moore's Order denying his request for reconsideration. This Court advised the Defendant that his Motion For Reconsideration had been denied by Judge Moore.

5. The government did not have any evidence to contradict the assertions being made by the Defendant. It is difficult for the government to have any such evidence or facts since in a situation such as this they deal strictly with the Defendant's actions while incarcerated.

6. In determining whether or not the Defendant has filed an untimely Notice of Appeal and/or whether or not such untimely notice should be considered a motion for extension of time under the appellate rules, this Court has to look to all of the relevant circumstances. This is why the Court needed to have the Defendant in court to testify

under oath as to what exactly had taken place. See Wright v. Deyton, 757 F.2d 1253 (11th Cir. 1985). Additionally, the delay in receiving a copy of Judge Moore's Order cannot be attributed to any fault on the part of the Defendant since he was incarcerated. According to the only sworn testimony before this Court, the prison was on lockdown during the time he received the Order from Judge Moore and he did what he could to get a Notice of Appeal filed even during the lockdown. Such a delay demonstrates good cause or excusable neglect for such an untimely filing of Notice of Appeal. See United States v. Bell, 2008 WL 2954142 (M.D. Fla. 2008).

7. This Court finds that the Defendant did all that he could in attempting to file a timely Notice of Appeal. The Defendant apparently did not receive Judge Moore's Order of May 7, 2008 until some time around May 16 to 19, 2008. While his Notice of Appeal was not filed in a timely fashion within the time period specified, this Court finds that it should be considered as a motion to extend the time to file a notice of appeal.

8. With all of the above being said, this Court believes that rather than having the Defendant file another Notice of Appeal and further delay the post-sentencing proceedings in this case, that his Notice of Appeal previously filed be considered a request to review Judge Moore's Order of May 7, 2008 denying the Defendant's original Motion For Reduction Of Sentence as well as an appeal of Judge Moore's Order of June 10, 2008 denying the Defendant's Motion For Reconsideration. There is no reason why the appellate court should have to review this matter twice. As stated previously, the Defendant has not yet received a copy of Judge Moore's Order of June 10, 2008, denying the Defendant's Motion For Reconsideration. In order to best utilize the time of the appellate court and to facilitate a review of all post-sentencing proceedings involved in this matter, this Court recommends that the District Court enter an order finding that the untimely Notice of Appeal is justified to be considered as an extension of time and that the

present Notice of Appeal on record with the Court of Appeals be considered an appeal of Judge Moore's Orders of May 7, 2008 and June 10, 2008.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's untimely Notice of Appeal be considered a motion for extension of time under Fed.R.App.P. 4(b)(4) and that the Defendant not be required to file a new notice of appeal, and that his Notice of Appeal already on file with the Court of Appeals be considered a request to appeal Judge Moore's Orders of May 7, 2008 and June 10, 2008, denying the Defendant's Request For Reduction Of Sentence and Reconsideration.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 19th day of September, 2008, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Robert H. Waters, Jr.
Clerk, 11th Circuit Court of Appeals
Michael Brown, Reg. No. 75073-004
  Federal Correctional Complex-USP
  P. O. Box 1033
  Coleman, FL 33521-1033